In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

_____

No. 11-1835

Criminal

_____

UNITED STATES OF AMERICA,

Appellee,

v.

KENNETH LEON WILCOX,

Appellant.

_____

Appeal from the United States District Court for the
District of Minnesota

_____

BRIEF OF APPELLANT

_____

KATHERINE M. MENENDEZ
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
612-664-5858

Attorney for the Appellant

## SUMMARY AND REQUEST FOR ORAL ARGUMENT

Kenneth Wilcox was sentenced to a term of forty years imprisonment after he pleaded guilty to sexually abusing his daughter and producing child pornography. He now appeals that sentence as unreasonable and greater than necessary to accomplish the goals of sentencing.

The reasonableness of a sentence is reviewed for abuse of the district court's sentencing discretion. Mr. Wilcox urges that the district court erred in imposing such a lengthy sentence, because it did not give adequate or proper weight to important mitigating factors and circumstances from his case. Specifically, the sentence fails to reflect Mr. Wilcox's lack of meaningful criminal history; his genuine remorse and efforts at rehabilitation and treatment; and the low likelihood that he would reoffend.

Mr. Wilcox seeks oral argument so that he might present his case to the Court. He respectfully suggests that ten minutes per side would be adequate to address the issues raised by this appeal.

Appellate Case: 11-1835    Page: 2    Date Filed: 06/17/2011 Entry ID: 3798834

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT

      I.     THE FORTY YEAR SENTENCE IMPOSED ON KENNETH
            WILCOX IS SUBSTANTIVELY UNREASONABLE AND
            GREATER THAN NECESSARY, AND THEREFORE IT
            REPRESENTS AN ABUSE OF DISCRETION BY THE
            DISTRICT COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

ADDENDUM:

Judgment in a Criminal Case
Certificate of Compliance and of Virus Free Electronic Brief
Certificate of Service

Appellate Case: 11-1835    Page: 3    Date Filed: 06/17/2011 Entry ID: 3798834

# TABLE OF AUTHORITIES

**CASES:** **Page**

Gall v. United States, 552 U.S. 38 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Nelson v. United States, 555 U.S. 350 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Rita v. United States, 551 U.S. 338 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Clay, 622 F.3d 892 (8th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Feemster, 575 F.3d 455 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . 12

United States v. Garcia, 512 F.3d 1004 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . 13

United States v. Huff, 514 F.3d 818 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Kane, 552 F.3d 748 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Kapitzke, 130 F.3d 820 (8th Cir. 1997). . . . . . . . . . . . . . . . . . . . 15

United States v. Toothman, 543 F.3d 967 (8th Cir. 2008). . . . . . . . . . . . . . . . . . . 14

**STATUTES:**

18 U.S.C. § 2251(a) and (e).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 2423(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Appellate Case: 11-1835    Page: 4    Date Filed: 06/17/2011 Entry ID: 3798834

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## SENTENCING GUIDELINES:

U.S.S.G. § 4B1.5(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

iv

Appellate Case: 11-1835    Page: 5    Date Filed: 06/17/2011 Entry ID: 3798834

## PRELIMINARY STATEMENT

The Honorable Michael J. Davis, Chief United States District Judge for the District of Minnesota, presided at Kenneth Wilcox's guilty plea and sentencing. The government invoked the jurisdiction of the district court pursuant to 18 U.S.C. § 3231.

The district court clerk entered judgment on the docket on April 8, 2011. Mr. Wilcox filed a notice of appeal on April 15, 2011. This notice was timely within the meaning of Federal Rule of Appellate Procedure 4(b). Mr. Wilcox invokes the jurisdiction of this Court pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

v

# STATEMENT OF ISSUES

## I.

THE FORTY YEAR SENTENCE IMPOSED ON
KENNETH WILCOX IS SUBSTANTIVELY
UNREASONABLE AND GREATER THAN
NECESSARY, AND THEREFORE IT REPRESENTS
AN ABUSE OF DISCRETION BY THE DISTRICT
COURT.

Nelson v. United States, 555 U.S. 350 (2009)

Gall v. United States, 552 U.S. 38 (2007)

United States v. Toothman, 543 F.3d 967 (8th Cir. 2008)

18 U.S.C. § 3553(a)

Appellate Case: 11-1835    Page: 7    Date Filed: 06/17/2011 Entry ID: 3798834

## STATEMENT OF THE CASE

Kenneth Wilcox was charged by Indictment on June 15, 2010, with ten counts related to the interstate transportation of a minor for the purposes of sexual abuse, and the production of child pornography. The charges related to Mr. Wilcox's sexual abuse of his daughter, BLC.

On October 14, 2010, he appeared before Chief Judge Michael J. Davis, and entered a guilty plea to counts one and two of the Indictment. Count one alleged Transportation of a Minor With Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a), and count two charged Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). In addition, Mr. Wilcox admitted his responsibility for the conduct alleged in the remaining eight counts of the Indictment, and acknowledged that those crimes constituted relevant conduct under the advisory sentencing guidelines. The first count of conviction carried a mandatory minimum penalty of ten years in prison, and the second carried a mandatory fifteen year sentence.

Mr. Wilcox entered a plea agreement with the United States.[1] In the plea agreement, the parties calculated the advisory sentencing guidelines. Given a

---

[1] A copy of the plea agreement between the parties is included in the Appendix at 1a-12a.

Appellate Case: 11-1835    Page: 8    Date Filed: 06/17/2011 Entry ID: 3798834

variety of specific offense characteristics and an enhancement entitled "Repeat and Dangerous Sex Offenders" which applied due to the multiple occasions of abuse, the adjusted offense level was 48. (<u>See</u> U.S.S.G. § 4B1.5(b). Despite Mr. Wilcox's criminal history category of I, the parties anticipated an advisory guideline range of life imprisonment.

Prior to sentencing, the Probation Office prepared a Presentence Report. The guidelines calculated in that report matched those predicted by the parties, and there were no objections to or disputes about the applicable guidelines. However, paragraph six described an allegation made by CLH, a friend BLC, that he sexually abused her as well and that he instructed his daughter to take photographs of CLH in lingerie. (PSR ¶ 6) Mr. Wilcox objected to the entire paragraph, and denied both having an inappropriate sexual relationship with CLH and denied instructing his daughter to take the photographs in question. (Addendum to PSR at A.1)

Mr. Wilcox submitted the Position of Defendant With Respect To Sentencing, in which he sought a sentence of twenty years in prison followed by lifetime supervised release.[2] First, Mr. Wilcox described for the court his personal

_____

[2] Mr. Wilcox's Sentencing Memorandum, hereinafter "Deft's Pos.," is included in the Appendix at 15a-44a.

2

background, including his difficult childhood, social isolation, addictions and relationship struggles, which will be explored in greater detail in the Statement of Facts, infra. He then carefully analyzed the advisory child pornography sentencing guidelines, revealing the flaws in their promulgation and noting that many judges declined to follow the guidelines in child pornography cases because they did not reflect the institutional role or work of the Sentencing Commission. (Deft's Pos. 12-24) Mr. Wilcox pointed to the court to other cases of child pornography production, as opposed to mere possession, in which courts had embraced this reasoning and given sentences below the very high advisory guideline ranges.

Mr. Wilcox also discussed the unique nature of incest sexual offenders, as compared to predatory offenders who find victims outside of their families. (Deft's Pos. 24-26) He pointed to data which suggested that such offenders were opportunistic and had a lower likelihood of reoffending than other types of offenders. He noted that, prior to his abuse of his daughter, he had never committed any sort of sexual crime.

3

In addition, Mr. Wilcox provided the court with a Psychosexual Evaluation prepared by Dr. Mary Kenning.[3] In the report Dr. Kenning explored the results of psychological testing of Mr. Wilcox, including the Static 99-R, which is an objectively scored actuarial risk scale used to predict future recidivism. According to Dr. Kenning, Mr. Wilcox was at a lower risk to reoffend than the average sexual offender. (Appendix at 57a-68a) This was due to a variety of factors including his age, his lack of prior convictions, and the fact that his victim was a family member.

Most importantly, in his sentencing position, Mr. Wilcox discussed his efforts at rehabilitation and therapy. He undertook these efforts during his placement in county jail, despite the difficulty of accessing appropriate programs and materials. (Deft's Pos. 10-12) His therapeutic work will be explored below.

The government submitted both an initial Position of the United States With Respect to Sentencing and a Response to Mr. Wilcox's position, both of which are included in the Appendix. The government sought a life sentence for Mr. Wilcox. In support of such an extreme sentence, the government emphasized the duration of the abuse, which they argued lasted approximately four years. The government

---

[3]A copy of the Psychosexual Evaluation was submitted to the Court as a sealed portion of the Appendix, numbered pages 57a-68a.

Appellate Case: 11-1835    Page: 11    Date Filed: 06/17/2011 Entry ID: 3798834

also pointed the court to "sex contracts" into which Mr. Wilcox had his daughter enter, that detailed the graphic and explicit nature of the abuse, as well as Mr. Wilcox's plans for the abuse to continue many years into the future. (Govt's Response 3-4) The government offered for the court's consideration prior decisions from other district courts in which life sentences or very long terms of imprisonment for similar conduct had been imposed and upheld on appeal. (Govt's Response 10-11)

Mr. Wilcox appeared before the court for sentencing on April 5, 2011. Mr. Wilcox renewed his objection to paragraph 6 and to the court's consideration of allegations made by or regarding CLH. (Sentencing Hearing, p. 3, hereinafter "S.3") No evidence was offered by the government in support of this paragraph or the allegations made by CLH. Nonetheless, the court overruled the objection, finding the paragraph credible based upon discovery discussed elsewhere in the PSR. (S. 4) Mr. Wilcox renewed his objection to the court relying upon objected-to portions of the PSR following the imposition of sentence. (S. 22)

Mr. Wilcox's counsel then advocated for a twenty year sentence, highlighting Mr. Wilcox's efforts at self-help and rehabilitation, as well as other mitigating facts. (S. 5-9) Mr. Wilcox also addressed the court and expressed his remorse. "There's not a day that don't go by that I don't regret what has

5

happened.  I wish I could turn back and change what I've done."  (S. 10)  He also stated that he wished he could apologize to his daughter.  (S. 11)

The district court imposed a sentence of forty years in prison, followed by lifetime supervised release.  In support of that sentence, the court stated that it had viewed the video in question and reviewed the sex contracts, as well as the parties' sentencing memoranda and the psychological report submitted by the defense. The court concluded:

> The statement, sir, of you wishing that your daughter was here so you can apologize is one of – it rings so hollow that really the Court should not respond to it.  You abused your daughter in the most despicable way possible for a lengthy period of time, isolated her. She unfortunately is destroyed for the rest of her life.  And the just punishment in this matter is for you to spend practically the rest of your life in prison.

(S. 22)

In its written Statement of Reasons, the court stated that the sentence is "intended to punish the Defendant and to deter him from committing crimes in the future."  (Statement of Reasons, p. 3)

This appeal followed.

6

## STATEMENT OF FACTS

Kenneth Wilcox was born in 1966 in rural Indiana, and his mother divorced his abusive father when he was just two years old.[4]  His mother remarried twice while Kenneth was still a child, and the family moved frequently and lacked a stable home.  At times, the family lived in trailers and even tents in area camp grounds, rarely having a stable residence until Kenneth was twelve or so.  Mr. Wilcox's mother was emotionally and physically abused by the string of "fathers" she brought into the home.  Mr. Wilcox was also emotionally abused, and was physically abused by his own father on the rare occasions he saw the man.

In addition to the abuse, instability and neglect he experienced at home, Mr. Wilcox was sexually abused as a child.  He was first abused by an older step-brother, who used beatings and threats to keep the child quiet.  He was again sexually abused at age twelve or thirteen by the manager of his trailer park.  By high school, Mr. Wilcox was a lonely and isolated outcast who did not fit in with the New York community where his family eventually ended up.  He dropped out, turned to drugs and alcohol and became an addict.

---

[4] The personal history for Kenneth Wilcox described in this section derives from the PSR, ¶¶ 101-127, and from Mr. Wilcox's Sentencing Memorandum, pages 1-10, found in the Appendix at 15a-44a.  None of these facts are in dispute, and none were contested by the government in the district court.

Appellate Case: 11-1835     Page: 14     Date Filed: 06/17/2011 Entry ID: 3798834

Mr. Wilcox joined the Navy and served for two years, but his alcoholism made it hard to serve in the military, and eventually led to his discharge. He later found work as an over-the-road trucker, work that appealed to him because of his social isolation. He worked regularly in this occupation throughout his adult life, up until the time of his arrest.

The social and interpersonal difficulties that began in childhood continued into Mr. Wilcox's adulthood. He had a series of short term marriages and relationships that never lasted very long. During these relationships, Mr. Wilcox's sexual addictions, infidelities, and obsession with pornography caused problems. He also continued to struggle with chemical dependency, including alcoholism and drug addiction.

In 1992, Mr. Wilcox met Ann C. and they had a brief affair. A year later, Mr. Wilcox learned that a child had been born from this relationship, BLC, the eventual victim of the instant offense. For many years he had little contact with Ann or his daughter. In 2001, Ann reached out to Mr. Wilcox and told him that BLC was struggling, and asked him to come live with them. Unfortunately, Ann suffered from severe depression and the home into which Mr. Wilcox moved was a squalor-filled garbage house. BLC struggled in school, and Mr. Wilcox was ill-

8

equipped to be a parent, or a partner to a severely depressed Ann. BLC eventually quit school and began on-line education.

Mr. Wilcox began taking BLC on the road with him when she was about twelve, and the sexual abuse began around that time as well. According to the PSR, Mr. Wilcox sexually abused BLC for several years, until his arrest in 2009, usually when they traveled. After BLC told a friend's mother about the abuse, the police searched both Mr. Wilcox's home and his truck and found evidence of the crimes, including sex toys, videos of the abuse, and explicit sexual contracts which Mr. Wilcox required BLC to sign. (PSR ¶¶ 7-15) The video seized depicts abuse on five different occasions, the last on occurring in 2008 when BLC was 15.

Following his arrest, Mr. Wilcox was interviewed by law enforcement and admitted to abusing his daughter. He was eventually transferred to federal custody.

While still in state custody, Mr. Wilcox began a program of personal rehabilitation. (Deft's Pos. 11-12) He first became involved in a program called "House of Healing," a faith-based recovery program. He was described by the coordinator as an active and interested participant who seemed committed to making changes in his life. (Deft's Pos. 11, n.8) He then secured a copy of "At the Altar Of Sexual Idolatry," a self-help therapy program for sex offenders.

9

After he was moved into federal custody, he continued with these efforts, on his own, and also participated in correspondence courses with area Christian ministries.  (Deft's Pos. 12)

Appellate Case: 11-1835    Page: 17    Date Filed: 06/17/2011 Entry ID: 3798834

# SUMMARY OF ARGUMENT

Kenneth Wilcox was sentenced to a term of forty years imprisonment after he pleaded guilty to sexually abusing his daughter and producing child pornography. He now appeals that sentence as unreasonable and greater than necessary to accomplish the goals of sentencing.

The reasonableness of a sentence is reviewed for abuse of the district court's sentencing discretion. Mr. Wilcox urges that the district court erred in imposing such a lengthy sentence, because it did not give adequate or proper weight to important mitigating factors and circumstances from his case. Specifically, the sentence fails to reflect Mr. Wilcox's lack of meaningful criminal history; his genuine remorse and efforts at rehabilitation and treatment; and the low likelihood that he would reoffend.

11

# ARGUMENT

### I. THE FORTY YEAR SENTENCE IMPOSED ON KENNETH WILCOX IS SUBSTANTIVELY UNREASONABLE AND GREATER THAN NECESSARY, AND THEREFORE IT REPRESENTS AN ABUSE OF DISCRETION BY THE DISTRICT COURT.

Kenneth Wilcox was sentenced to a term of imprisonment of forty years, a sentence that the court conceded amounted to "essentially" a life term. (S. 23) This sentence is substantively unreasonable and represents an abuse of discretion by the district court. Specifically, the court gave insufficient weight to the unique mitigating circumstances presented by Mr. Wilcox, including the low likelihood of him reoffending, and his substantial and genuine efforts at rehabilitation. Mr. Wilcox urges that a twenty year sentence, as he sought, would have been reasonable and that the forty year sentence imposed is significantly greater than necessary to accomplish the goals of sentencing.

### A. Standard of Review

This Court reviews a criminal defendant's sentence for substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Clay, 622 F.3d 892, 895 (8th Cir. 2010); United States v. Feemster, 575 F.3d 455, 461 (8th Cir. 2009) (en banc). The abuse of discretion standard applies whether the sentence imposed is "inside, just

12

outside, or significantly outside" of the sentencing guidelines range.  See Gall, 552

U.S. at 41.  This Court has held that an abuse of discretion occurs if "(1) a court

fails to consider a relevant factor that should have received significant weight; (2)

a court gives significant weight to an improper or irrelevant factor; or (3) a court

considers only the appropriate factors but in weighing those factors commits a

clear error of judgment."  United States v. Kane, 552 F.3d 748, 752 (8th Cir.

2009); United States v. Garcia, 512 F.3d 1004, 1006 (8th Cir. 2008).

A reviewing court may presume that a sentence within the applicable

advisory guidelines range is reasonable.  Rita v. United States, 551 U.S. 338, 347

(2007).  While a reviewing court employs deference to the decision-making of the

lower court in sentencing, the sentencing court does not defer to the guidelines.  A

district court is not entitled to apply the appellate presumption that the Guidelines

sentence should apply.  Id. at 351; see also, Nelson v. United States, 555 U.S. 350

(2009).  Instead the sentencing court must determine whether the sentence as

calculated by the Guidelines, in light of the factors in

§ 3553(a) is "sufficient but not greater than necessary."

> [W]e recognize that the sentencing court's "job is not to impose a
> 'reasonable' sentence.  Rather, a district court's mandate is to impose
> 'a sentence sufficient but not greater than necessary to comply with
> the purposes of' section 3553(a)(2)."

13

United States v. Toothman, 543 F.3d 967, 971 (8th Cir. 2008)(quoting United States v. Huff, 514 F.3d 818, 820)(8th Cir. 2008).

**B.  Legal Analysis**

Kenneth Wilcox urges that, even under the substantial deference afforded sentencing courts, the lower court in his case abused its discretion when it imposed a forty year sentence.[5]  While the court clearly gave substantial consideration to providing "just punishment," as required by the sentencing statute, 18 U.S.C. § 3553(a), as well as to the need to reflect the seriousness of the offense through the lengthy sentence, the court gave no apparent weight to the mitigating circumstances of Mr. Wilcox's background.

First, the court gave seemingly no weight to the substantial efforts at personal rehabilitation undertaken by Mr. Wilcox since his arrest.  Mr. Wilcox not only expressed remorse but he secured therapeutic materials and began his own treatment program.  He did this despite the difficulties in finding such materials from a county jail, and he did so without any court order or requirement.  This important fact indicates that there is a lesser need for a virtual life sentence to

_____

[5]Admittedly, the sentence imposed of forty years is perhaps less than the life sentence suggested by the guidelines.  However, given that Mr. Wilcox began that sentence at age 44, the extent of any "departure" from life to forty is a largely academic question.

14

protect the community, because of Mr. Wilcox's demonstrated commitment to rehabilitation and never reoffending in the future. Post-offense rehabilitation was recognized by this Court as a valid basis for departure, even before the current era of broader sentencing discretion. See e.g., United States v. Kapitzke, 130 F.3d 820, 823 (8th Cir. 1997). Mr. Wilcox urges that the district court erred in not giving greater weight to Mr. Wilcox's demonstrated and self-directed work toward rehabilitation.

Moreover, Mr. Wilcox urges that the district court abused its discretion by not allowing Mr. Wilcox's comparatively low likelihood of reoffending in the future lead to a sentence less than forty years. The applicable sentencing statute requires a court to consider both the need for deterrence and the need to protect the public. 18 U.S.C. § 3553(a)(2). Mr. Wilcox presented an uncontested psychological evaluation that included a risk assessment predicting a comparatively low likelihood that he would reoffend. (Appendix at 57a-68a) He also cited published research which explored the uniqueness of incest offenders, including a reduced risk of reoffending. (Deft's Pos. 24-26) The district court considered this evidence but abused its discretion by giving it no meaningful mitigating weight in determining the ultimate sentence. Due to his reduced propensity to reoffend, both deterrence and protection of the public from future

15

crimes could be accomplished in a unique case like Mr. Wilcox's in much less than forty years. Mr. Wilcox urges that the sentence was an abuse of discretion.

Finally, Mr. Wilcox's own troubled childhood and personal history of abuse and neglect are mitigating facts which supported a lower sentence. The seeds of Mr. Wilcox's own sexual addictions were likely planted when he was just a child and was abused by two older males, first a family member and then an adult acquaintance. In addition, his homelife lacked any stability and he experienced physical and emotional abuse and neglect. This sad start to life, while not an excuse for Mr. Wilcox's later abuse of his daughter, is certainly a mitigating fact and a circumstance that begins to explain his evolution into a sex offender.

All of these are facts that supported a sentence much lower than forty years and which rendered the sentence imposed greater than necessary to accomplish the goals of sentencing.

16

## CONCLUSION

For the foregoing reasons, the forty year sentence imposed on Kenneth Wilcox is substantively unreasonable and greater than necessary. He seeks remand for resentencing.

Dated: June 16, 2011

Respectfully submitted,

*s/ Katherine M. Menendez*

_____
KATHERINE M. MENENDEZ
Assistant Federal Defender
District of Minnesota

U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN  55415
612-664-5858

Attorney for the Appellant

Appellate Case: 11-1835    Page: 24    Date Filed: 06/17/2011 Entry ID: 3798834

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

UNITED STATES OF AMERICA,  )   APPEAL NO. 11-1835
                           )
              Appellee,    )
       v.                  )   **CERTIFICATE OF COMPLIANCE**
                           )   **AND OF VIRUS FREE**
                           )   **ELECTRONIC BRIEF**
KENNETH LEON WILCOX,       )
                           )
              Appellant.   )

I hereby certify that the Brief of Appellant filed in contains 3,364 words, excluding the table of contents, table of citations, statements with respect to oral argument, addendum and certificates of counsel and service, as counted by the word-processing system (WordPerfect) used to generate the brief. The brief otherwise complies with the type-volume limitations set forth in F.R.A.P. 32(a)(7)(B) and (C)(Dec. 1, 1998) and Eighth Circuit Rule 28A(c).

I also certify that the electronic brief has been scanned for viruses and is virus free.

Dated: June 16, 2011                Respectfully submitted,

                                    *s/ Katherine M. Menendez*
                                    _____
                                    KATHERINE M. MENENDEZ
                                    Assistant Federal Defender
                                    District of Minnesota

                                    U.S. Courthouse, Suite 107
                                    300 South Fourth Street
                                    Minneapolis, MN 55415
                                    612-664-5858

                                    Attorney for the Appellant

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

United States of America,

                    Appellee,

                                         **CERTIFICATE OF SERVICE**

v.

Kenneth Leon Wilcox,

                    Appellant.            Appeal No: 11-1835


     The undersigned hereby certifies that she is an employee of the Office of the

Federal Defender for the District of Minnesota and that on June 16, 2011, she

served the following documents electronically through CM/ECF to the below-

listed party:

     A.    Brief of Appellant;
     B:    Addendum of Appellant;
     C.    Certificate of Compliance (bound in brief).


Kimberly Svendsen, AUSA


                                    *s/  Wendi Tilden*