*No. 11-1835*

*Criminal*

————————————

# In the

# UNITED STATES COURT OF APPEALS

# For the Eighth Circuit

————————————

*UNITED STATES OF AMERICA,*

*APPELLEE,*

*v.*

*KENNETH LEON WILCOX,*

*APPELLANT.*

————————————

*Appeal from the United States District Court for the*

*District of Minnesota*

————————————

**REDACTED** *BRIEF OF APPELLEE*

————————————

B. TODD JONES
*United States Attorney*
KIMBERLY A. SVENDSEN
*Assistant U.S. Attorney*
*District of Minnesota*
*600 U.S. Courthouse*
*300 South Fourth Street*
*Minneapolis, MN  55415*
*(612) 664-5600*

*Attorneys for Appellee*

## SUMMARY OF THE CASE

Defendant Kenneth Leon Wilcox was charged with and pled guilty to one count of transportation of a minor with intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a), and one count of production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e). In the Plea Agreement, the parties agreed that the defendant's total offense level was 43, that his criminal history category was I, and that the applicable Guidelines range of imprisonment was life. At sentencing, the defendant requested a downward variance to 20 years imprisonment on the bases that the defendant was a first-time offender, was abused as a child, was unlikely to re-offend, and was remorseful and attempting self-help while in jail. After reviewing the Presentence Investigation report, reviewing the videotape containing the child pornography the defendant produced, reviewing both parties' sentencing memoranda, hearing oral argument from the parties, and hearing the defendant's statement, the district court applied a downward variance and sentenced the defendant to sentence of 480 months imprisonment.

The defendant appeals his sentence, arguing that it is substantively unreasonable. The government believes that the issues raised in this appeal are adequately addressed in the parties' briefs and that no oral argument is necessary.

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE ISSUES.. . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE AND FACTS. . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      I.    THE DEFENDANT WAS NOT ENTITLED TO A GREATER DOWNWARD VARIANCE WHERE THE DISTRICT COURT IMPOSED A SENTENCE BELOW THE ADVISORY GUIDELINES RANGE. . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . 15

Appellate Case: 11-1835    Page: 3    Date Filed: 07/25/2011 Entry ID: 3810860

# TABLE OF AUTHORITIES

Page

**CASES:**

Gall v. United States, 128 S. Ct. 586 (2007). . . . . . . . 9, 14

United States v. Anderson, 618 F.3d 873 (8th Cir. 2010).. . . . 13

United States v. Battiest,
    553 F.3d 1132 (8th Cir. 2009). . . . . . . . . . . 9, 10,12

United States v. Bridges, 569 F.3d 374 (8th Cir. 2009). . . . 13

United States v. Feemster, 572 F.3d 455 (8th Cir. 2009).. . . 11

United States v. Foy, 617 F.3d 1029 (8th Cir. 2010),
    cert. denied, 131 S. Ct. 1512 (2011).. . . . . . . . . . 13

United States v. Moore, 565 F.3d 435 (8th Cir. 2009). . . . . 11

United States v. O'Connor, 567 F.3d 395 (8th Cir. 2009).. . . 10

United States v. Shuler, 598 F.3d 444 (8th Cir.),
    cert. denied, 130 S. Ct. 3436 (2010).. . . . . . . . . . 10

United States v. Shy, 538 F.3d 933 (8th Cir. 2008). . . . . 9, 10

United States v. Struzik, 572 F.3d 484 (8th Cir. 2009). . . . 11

United States v. Talamantes, 620 F.3d 901 (8th Cir. 2010).. . 10

United States v. Ultsch, 578 F.3d 827 (8th Cir. 2009).. . . . 10

United States v. Wisecarver, — F.3d —, No. 10-2849,
    2011 WL 2569753, at *7 (June 30, 2011).. . . . . . . . . 13

United States v. Zastrow, 534 F.3d 854 (8th Cir. 2008). . . . 10

Appellate Case: 11-1835    Page: 4    Date Filed: 07/25/2011 Entry ID: 3810860

**<u>STATUTES</u>:**

Title 18, United States Code, Section 2251(a).. . . . . . . . . . 3

Title 18, United States Code, Section 2251(e).. . . . . . . . . . 3

Title 18, United States Code, Section 2423(a).. . . . . . . . . . 3

Title 18, United States Code, Section 3553(a).. . . . .  7-9, 11-13

Appellate Case: 11-1835   Page: 5   Date Filed: 07/25/2011 Entry ID: 3810860

## STATEMENT OF THE ISSUES

**I.  WHETHER THE DEFENDANT WAS ENTITLED TO A GREATER DOWNWARD VARIANCE WHERE THE DISTRICT COURT IMPOSED A SENTENCE BELOW THE ADVISORY GUIDELINES RANGE**

United States v. Anderson, 618 F.3d 873 (8th Cir. 2010)

United States v. Battiest, 553 F.3d 1132 (8th Cir. 2009)

United States v. Wisecarver, — F.3d —, No. 10-2849, 2011 WL 2569753 (8th Cir. June 30, 2011)

Appellate Case: 11-1835    Page: 6    Date Filed: 07/25/2011 Entry ID: 3810860

**STATEMENT OF THE CASE AND FACTS**

Defendant Kenneth Leon Wilcox began raping the minor victim, ████████████████, on a weekly basis in approximately 2005, when she was 12 years old. (Presentence Investigation Report, hereinafter "PSR" at ¶ 6.) On five occasions, Wilcox videotaped the sexual abuse, and he later masturbated while watching the recordings. (Plea Agreement and Sentencing Stipulations, hereinafter "Pl. Agr." at ¶ 2; Psychosexual Evaluation at 7.)[1] These weekly rapes continued for approximately four years, until the victim was 16 years old, and ended only when the victim brought a videotape depicting her sexual abuse to a friend's mother, who provided the tape to law enforcement on December 13, 2009. (PSR at ¶¶ 5-6.)

Wilcox made the five videos, which depict the victim using various sex toys on herself, Wilcox having vaginal sex with the victim, and Wilcox giving and receiving oral sex from the victim, between October 20, 2007, when the victim was 14 years old, and March 30, 2008, when the victim was 15 years old. (Id. at ¶¶ 10-15.) During this time, Wilcox worked as an over-the-road trucker, and he produced the child pornography videos while the victim was traveling with him on trucking runs. (Id. at ¶¶ 7, 11-15.) Wilcox

---

[1]A copy of the parties' plea agreement is included in the Appendix to Brief of Appellant at 1a-12a. A copy of the psychosexual evaluation was filed under seal in the Appendix to Brief of Appellant at 57a-68a.

1

shot the videos in the cab of his semi-truck and in hotel rooms all over the country. (Id. at ¶ 11-15.)

In addition to videotaping his sexual abuse of the victim, Wilcox made the victim sign contracts detailing the sex acts she would be required to perform. (Id. at ¶¶ 8-9.) One such "sex contract" "indicated that [the victim] would be a sex slave and submissive to [the defendant]. The contract included instructions on how [the victim] should dress, sexual instructions for [the victim], and how [the victim] should convince her friends to take pictures of themselves participating in sexual acts." (Id. at ¶ 8.) The PSR described five additional "sex contracts" between Wilcox and the victim as follows:

> These contracts were several pages long and discussed various sex acts, punishments for noncompliance, master and slave roles, payment for nude pictures of [the victim's] friends, talk of starting a "sex house" with [the victim], and allowing the defendant to teach [the victim's] daughters about sex (provided that she had daughters in the future).

(Id. at ¶ 9.)

During the execution of search warrants at Wilcox's residence and in a semi-trailer Wilcox used for storage, law enforcement recovered a large amount of pornography, including images of child pornography. (Id. at ¶¶ 7-9.) These images included 20 series of child pornography with identified minor victims and many topless images of the victim. (Id. at ¶ 90.)

2

On June 15, 2010, a federal grand jury returned a ten-count Indictment charging Wilcox with five counts of transportation of a minor with intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a), and five counts of production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e). On October 14, 2010, Wilcox pled guilty to Counts 1 and 2 of the Indictment. In the Plea Agreement, the parties agreed that a correct calculation of the Sentencing Guidelines resulted in a total offense level of 43, a criminal history category of I and an applicable Guidelines range of life imprisonment. (Pl. Agr. at ¶ 6(c).)

Prior to sentencing, Wilcox filed a position pleading conceding that the Guidelines range was properly calculated as life imprisonment, but requesting a sentence of 20 years imprisonment. (Position of Defendant with Respect to Sentencing,[2] hereinafter "Def. Pos.," at 1-2.) Wilcox advanced a host of arguments in support of his request for a downward variance, including: a) the Sentencing Guideline for production of child pornography lacked an empirical basis, b) Wilcox was a first-time sex offender without a significant criminal history, c) Wilcox demonstrated a commitment to treatment by undertaking self-help in jail, d) Wilcox had a

_____

[2]A copy of the Position of Defendant with Respect to Sentencing is included in the Appendix to Brief of Appellant at 15a-44a.

Appellate Case: 11-1835     Page: 9     Date Filed: 07/25/2011 Entry ID: 3810860

difficult upbringing and was sexually abused as a minor, e) Wilcox presented a low risk of recidivism, and f) Wilcox was remorseful. (Id. at 1-30.)

The government filed a response in which it argued that a) the nature and circumstances of the offense, in which the defendant isolated his victim by taking her on the road in his semi-truck and sexually abusing her over a period of several years, were particularly serious and had a severe, long-term impact on the victim, b) although the defendant had no prior convictions for sex offenses, he committed sexual abuse on a weekly basis for approximately four years, c) the defendant's remorse and efforts at self-help developed only after his arrest, and he initially blamed the victim for her sexual abuse, d) the defendant's argument that he is unlikely to re-offend ignored his stated intent to "teach [the victim's] daughters about sex," e) the district court was not required to disagree with the child pornography production Sentencing Guideline, and f) a sentence of life imprisonment would be consistent with sentences imposed in similar cases within the Eighth Circuit. (Government's Response to Position of Defendant with Respect to Sentencing,[3] hereinafter "Gov't Resp.," at 3-11.)

At the April 5, 2011 sentencing hearing, defense counsel again argued that the district court should grant a downward variance to

---

[3]A copy of the Government's Response to Position of Defendant with Respect to Sentencing is included in the Appendix to Brief of Appellant at 45a-56a.

4

20 years imprisonment. (Sent. Tr.[4] at 9.) Specifically, defense counsel argued that the defendant had a difficult childhood in which he was the victim of abuse, had no substantial criminal history, was remorseful, made sincere efforts at self-help, and was treatable. (Id. at 5-9.) Similarly, Wilcox stated that he would like to apologize to the victim and was participating in self-help. (Id. at 10-11.)

The government argued that Wilcox's crime had an unimaginable effect on the victim, who was isolated and raped ██████████ over a period of years. (Id. at 11-12.) The government pointed out that the sex contracts, which were dated through 2015, made it clear to the victim that Wilcox intended to continue the abuse, and argued that the district court should decline to credit the psychosexual evaluation's assertion that Wilcox was unlikely to re-offend. (Id. at 12-13.) Finally, the government asserted that a sentence of life imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing. (Id. at 14.)

After hearing both parties' arguments and determining that the applicable Guidelines range of imprisonment was life, the district

_____

[4]"Sent. Tr." refers to the transcript of the sentencing hearing held on April 5, 2011 before the Honorable Michael J. Davis, Chief United States District Court Judge for the District of Minnesota.

5

court stated that it had reviewed the following materials in connection with the sentencing:

> The Court has reviewed the presentence investigation report. The Court has reviewed the sentencing memorandums that have been supplied to the Court by both the Defense and the Government. The Court has reviewed the Eighth Circuit Court of Appeals decisions dealing with sentencing. The Court has reviewed the psychosexual report, psychological report that was given to the Court by the Defense. The Court has reviewed any and all other submissions to the Court, also including the Court viewing the videotape that was confiscated from the defendant and is part of the charges in this case dealing with the rape of ████████. The Court has reviewed the factors under Title 18, 3553, and will sentence the defendant accordingly.

(Sent. Tr. at 5, 14-15.)

The district court imposed a sentence of 480 months imprisonment, which represented a downward variance from the Guidelines range, and stated:

> The Court has reviewed everything in this file. The guidelines sentence calls for life imprisonment. However, the Court feels that the punishment that will be just in this matter is a 40-year term in prison. The statement, sir, of you wishing that ████████ was here so you can apologize is one of – it rings so hollow that really the Court should not respond to it. You abused ████████ in the most despicable way possible for a lengthy period of time, isolated her. She unfortunately is just destroyed for the rest of her life. And the just punishment in this matter is for you to spend practically the rest of your life in prison.

(Id. at 21-22.) The district court also issued a statement of reasons, explaining the 480-month sentence as follows:

> The Court has thoroughly reviewed the record in this case. It has reviewed the videotapes confiscated by law enforcement that portray the Defendant engaged in illegal sexual activity with ████████. The Court has also

6

reviewed the sex contracts that the Defendant had ██████
██████ sign, which provided in horrific detail specific
sexual acts ████████████ would be forced to perform if
she violated any other term of the contract. The Court
has reviewed the mental health evaluation of the
Defendant.

The Defendant isolated ██████████████, and forcefully
subjected her to sexual abuse for over four years on a
weekly basis. ████████████ will likely need treatment
for [the] rest of her life because of the severe abuse
she has suffered.

Given the nature of the offense, the need for treatment,
the need to protect the public and to deter further
criminal conduct and the need to avoid sentencing
disparity, the Court finds that a downward variance from
a life sentence is warranted, but that a term of 480
months is sufficient, but not greater than necessary, to
address the statutory sentencing purposes set forth in
§ 3553(a).

(Statement of Reasons for Imposing Sentence at 8-9.) Wilcox

appeals his sentence.

Appellate Case: 11-1835    Page: 13    Date Filed: 07/25/2011 Entry ID: 3810860

## SUMMARY OF THE ARGUMENT

The district court considered the relevant factors under Title 18, United States Code, Section 3553(a) and did not abuse its discretion in imposing a 480-month sentence, which represented a downward variance from Wilcox's undisputed Guidelines range of life imprisonment, to which the parties stipulated in the Plea Agreement. The district court was well aware of Wilcox's arguments that he attempted post-arrest rehabilitation, had a low likelihood of re-offending, had a troubled childhood and personal history of abuse, and had no criminal history. The district court granted a downward variance and exercised its broad discretion to impose a reasonable sentence.

Appellate Case: 11-1835    Page: 14    Date Filed: 07/25/2011 Entry ID: 3810860

<u>**ARGUMENT**</u>

**I. THE DEFENDANT WAS NOT ENTITLED TO A GREATER DOWNWARD VARIANCE WHERE THE DISTRICT COURT IMPOSED A SENTENCE BELOW THE ADVISORY GUIDELINES RANGE**

In this appeal, Defendant Kenneth Leon Wilcox argues that the district court imposed an unreasonable sentence by giving inadequate weight to the mitigating factors he presented at sentencing. His appeal is without merit and should be summarily rejected.

**A. Standard of Review and Analytical Framework**

"'[A]ppellate review of sentencing decisions is limited to determining whether they are reasonable.'" <u>United States v. Battiest</u>, 553 F.3d 1132, 1135 (8th Cir. 2009) (quoting <u>Gall v. United States</u>, 128 S. Ct. 586, 594 (2007)). This Court "review[s] the reasonableness of a sentence under a 'deferential abuse-of-discretion standard.'" <u>Id.</u> (quoting <u>Gall</u>, 128 S. Ct. at 591).

In conducting this review, this Court "'first ensure[s] that the district court committed no significant procedural error' at sentencing." <u>Id.</u> (quoting <u>United States v. Shy</u>, 538 F.3d 933, 937 (8th Cir. 2008)). A district court commits "significant procedural error" in this system if it fails "to consider the § 3553(a) factors" or fails "to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." <u>Gall</u>, 128 S. Ct. at 597.

9

In a case such as this one, where the defendant "does not argue in his briefs that the district court committed any procedural error,[5] [this Court] bypass[es] the first part of [the] review and move[s] directly to review the substantive reasonableness of his sentence." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). This Court "review[s] the 'substantive reasonableness of the sentence' . . . considering the totality of the circumstances." Battiest, 553 F.3d at 1135 (quoting Shy, 538 F.3d at 937) (ellipsis in original). "'Where . . . the sentence imposed is within the advisory guideline range, [this Court] accord[s] it a presumption of reasonableness.'" Id. at 1136 (quoting United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008)).

**B. The District Court Imposed a Reasonable Sentence Below the Applicable Guidelines Range**

Wilcox claims the district court imposed a substantively unreasonable sentence because the district court gave inadequate weight to the defendant's mitigating circumstances. Because Wilcox

---

[5]The defendant's Statement of the Case points out that the defendant argued to the district court that the child pornography Sentencing Guidelines are flawed and "did not reflect the institutional role or work of the Sentencing Commission." (Brief of Appellant at 3.) The defendant does not appear to raise this argument before this Court, and this argument is not properly made to this Court in any event. See, e.g., United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (citing United States v. Shuler, 598 F.3d 444, 448 (8th Cir.), cert. denied, 130 S. Ct. 3436 (2010)). See also United States v. Ultsch, 578 F.3d 827, 830-31 (8th Cir. 2009).

10

presented each of his proffered mitigating circumstances for the district court's consideration at sentencing, this argument fails.

This Court treats a within-Guidelines sentence as "presumptively reasonable." <u>United States v. Struzik</u>, 572 F.3d 484, 488 (8th Cir. 2009). This presumptive reasonableness standard should also apply where, as here, the defendant has received a downward variance and asserts that the variance should have been more substantial. "'[I]t will be the unusual case when [this Court] reverse[s] a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable.'" <u>United States v. Feemster</u>, 572 F.3d 455, 464 (8th Cir. 2009).

"An abuse of discretion occurs 'where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" <u>Struzik</u>, 572 F.3d at 488 (quoting <u>United States v. Moore</u>, 565 F.3d 435, 438 (8th Cir. 2009)).

After acknowledging, as he must, that the district court considered the § 3553(a) factors in arriving at his sentence, Wilcox asserts that his sentence is unreasonable because the district court gave no weight to his proffered mitigating factors, including Wilcox's "substantial efforts at personal

11

rehabilitation," his "comparatively low likelihood of reoffending in the future," and his "troubled childhood and personal history of abuse and neglect." (Brief of Appellant at 14-16.) However, in a case such as this one, where a defendant presents no arguments to rebut the presumption of reasonableness other than those raised before the district court and "'the district court considered [the defendant's] arguments and found them unpersuasive," the sentence is substantively reasonable. <u>Battiest</u>, 553 F.3d at 1137 (internal citation omitted).

At the sentencing hearing, the district court stated that "[t]he Court has reviewed the factors under Title 18, 3553, and will sentence the defendant accordingly." (Sent. Tr. at 15.) In its Statement of Reasons for Imposing Sentence, the Court set forth the § 3553(a) factors, summarized both parties' arguments regarding the application of the § 3553(a) factors to Wilcox's sentence, and then proceeded to conduct a careful analysis of the § 3553(a) factors:

> The Court has thoroughly reviewed the record in this case. It has reviewed the videotapes confiscated by law enforcement that portray the Defendant engaged in illegal sexual activity with ▓▓▓▓▓▓▓. The Court has also reviewed the sex contracts that the Defendant had ▓▓▓ ▓▓▓ sign, which provided in horrific detail specific sexual acts ▓▓▓▓▓ would be forced to perform if she violated any other term of the contract. The Court has reviewed the mental health evaluation of the Defendant.

> The Defendant isolated ▓▓▓▓▓▓▓, and forcefully subjected her to sexual abuse for over four years on a weekly basis. ▓▓▓▓▓▓ will likely need treatment

12

> for the rest of her life because of the severe abuse she
> has suffered.
>
> Given the nature of the offense, the need for treatment,
> the need to protect the public and to deter further
> criminal conduct and the need to avoid sentencing
> disparity, the Court finds that a downward variance from
> a life sentence is warranted, but that a term of 480
> months is sufficient, but not greater than necessary, to
> address the statutory sentencing purposes set forth in
> § 3553(a).

(Statement of Reasons at 8-9.)

The district court did not clearly err in weighing the § 3553(a) factors in this case. It is well-established that "[t]he district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the 'wide latitude [given] to individual district court judges in weighing relevant factors.'" United States v. Wisecarver, — F.3d —, No. 10-2849, 2011 WL 2569753, at *7 (June 30, 2011) (quoting United States v. Foy, 617 F.3d 1029, 1037 (8th Cir. 2010), cert. denied, 131 S. Ct. 1512 (2011)). Indeed, "[t]he district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) (citing United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009)). This is because "[t]he sentencing judge is in the best position to find facts and 'judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility

13

determinations, has full knowledge of the facts and gains insights not conveyed by the record.'" <u>Id.</u> (quoting <u>Gall</u>, 552 U.S. at 51).

Under the circumstances of this case, in which Wilcox raped ▓▓▓▓▓▓▓▓ on a weekly basis from the time she was 12 years old until she was 16 years old, videotaped several instances of the sexual abuse, and made the victim sign "sex contracts" detailing the future sexual abuse she would be expected to endure, a below-Guidelines sentence of 480 months imprisonment was not an abuse of the district court's wide discretion, and the judgment of the district court should be affirmed.

14

## CONCLUSION

For all the foregoing reasons, the judgment of the District Court should be affirmed.

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for the United States certifies this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32. The brief has 362 lines of monospaced type. The brief was prepared using WordPerfect X4. The undersigned also certifies that the electronic brief has been scanned for viruses and is virus free.


Dated: July 22, 2011

Respectfully submitted,

B. TODD JONES
United States Attorney


s/Kimberly A. Svendsen
BY: KIMBERLY A. SVENDSEN
Assistant U.S. Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Attorneys for Appellee

15

# CERTIFICATES OF SERVICE
# FOR DOCUMENTS FILED USING CM/ECF

### Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/_____